IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALLCHEM PERFORMANCE          §
PRODUCTS, INC.,              §
                            §
            Plaintiff,       §
                            §  Civil Action No. 3:11-CV-3577-D
VS.                          §
                            §
OREQ CORPORATION, et al.,     §
                            §
            Defendants.      §

MEMORANDUM OPINION
AND ORDER

Defendants move under 28 U.S.C. §§ 1406 and 1404(a) to transfer this case to the

Central District of California, and, alternatively, move under Fed. R. Civ. P. 12(b)(6) to

dismiss this case for failure to state a claim on which relief can be granted.  For the reasons

that follow the court grants defendants' motion to transfer under § 1404(a) and does not reach

the other motions.

I

Plaintiff AllChem Performance Products, Inc ("AllChem") is a Texas corporation that

distributes water treatment chemicals, including trichlor products, that are used to chlorinate

swimming pools.  AllChem operates, and sells trichlor products, throughout the state of

Texas and the United States.  It alleges that its principal place of business is located in the

Northern District of Texas.[1]  Defendants Oreq Corporation ("Oreq") and Pro Packaging, Inc.

---

[1]Defendants attach a 2010 public filing by AllChem in which it states that its principal
place of business is located in Gainesville, Florida, and that its CEO, President, and CFO all

("PPI") are California corporations that operate from their combined offices in Temecula, California, which is located in the Central District of California. Their manufacturing and warehousing facilities are also located in Temecula. Like AllChem, Oreq is a distributor of trichlor. It sells trichlor and other products at wholesale to other distributors and retail pool supply stores outside California. Over the past two years, Oreq has shipped relatively small quantities of trichlor products to stores in the Northen District of Texas at the request of two companies headquartered outside Texas. PPI is the registered owner of the Environmental Protection Agency registrations for the trichlor that Oreq produces and distributes, but PPI does not distribute trichlor products.

In this lawsuit, AllChem alleges that defendants violated the Lanham Act by falsely labeling their trichlor products. According to AllChem, defendants diluted and intentionally mislabeled their trichlor products in order to undercut the market and gain an unfair advantage in the marketplace. This allegation is premised on AllChem's alleged testing of "numerous samples of Defendants' trichlor from several states, including the [s]tate of Texas." Am. Compl. ¶ 16. Two of these tested samples were purchased in Texas, but not within the Northern District of Texas.

Defendants move to transfer this case to the Central District of California on two grounds: improper venue, under 28 U.S.C. § 1406, and for the convenience of parties and witnesses and in the interest of justice, under § 1404(a). They also move to dismiss under

---

live in Gainesville. Because it does not affect the court's ruling, it will assume that AllChem's principal place of business is located in the Northern District of Texas.

Rule 12(b)(6) for failure to state a claim.[2]

## II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other. *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)). Moreover,

> [t]he plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

---

[2] Because the court concludes that the Central District of California is clearly the more convenient forum, it need not decide defendants' motion to transfer for improper venue. Similarly, assuming *arguendo* that Oreq's motion to strike the Heedy affidavit attached to AllChem's response is procedurally correct, because the court is granting Oreq's motion to transfer under § 1404(a), it denies the motion to strike as moot. And because the court is transferring the case, it concludes that the transferee court should be permitted to decide defendants' Rule 12(b)(6) motion to dismiss.

*AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (footnotes omitted) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*" )).

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"); *Volkswagen II*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). Once the court resolves this issue, the court must in deciding whether to transfer the case evaluate "a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations omitted; bracketed material added). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Defendants must establish "good cause" for transferring the case, meaning that,

"in order to support [their] claim for a transfer, [they] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (final brackets in original) (quoting § 1404(a)).

III

The court addresses first whether the judicial district to which transfer is sought—here, the Central District of California—is a district in which this suit could have been filed. The court holds, and the parties do not dispute, that AllChem could have brought this action in the Central District of California. Venue is governed by 28 U.S.C. § 1391(b)(1), which provides, in relevant part, that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Because Oreq and PPI are corporations, and California is a state with multiple federal districts, each defendant "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d). Defendants' undisputed evidence demonstrates that they have their primary place of business in Temecula. Ds. App. 1. This is sufficient to establish personal jurisdiction in the Central District of California, and, therefore, that Oreq and PPI reside in that district. Because they both reside in that district, the case could have been filed there. *See* 28 U.S.C. § 1391(b)(1).

IV

The court next considers the private interest factors.

A

The first private interest factor examines the relative ease of access to sources of proof.  "The Fifth Circuit [has] held that despite technological advances that [have] made the physical location of documents less significant, the location of sources of proof remains a meaningful factor in the transfer analysis."  *AT&T*, 2009 WL 774350, at *2; *see also Volkswagen II*, 545 F.3d at 316 ("[T]he sources of proof requirement is a meaningful factor in the analysis.").

This factor weighs in favor of transfer because the vast majority of documents are located in the Central District of California.  Defendants assert "that this action concerns [their] formulas, protocols and processes for repackaging and fabricating trichlor products; [their] current and past sales for [their] trichlor products, as well as the chemical content of [their] raw materials, inventory and trichlor products."  Ds. Rep. Br. 6.  They attach discovery requests from AllChem seeking multiple years of data pertaining to defendants' chemical purchases, manufacturing processes, formulae, and protocols, as well as regulatory reporting. Defendants argue that all responsive and relevant records and all physical evidence are located in the Central District of California.  They offer evidence that neither defendant "has [ever] had any office, warehouse, or manufacturing facilities other than in Temecula, California."  Ds. App. 1.  Defendants have therefore carried their burden by identifying specific proof located in the Central District of California.  *See Sivertson v. Clinton*, 2011

- 6 -

WL 4100958, at *5 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (finding this factor neutral where moving party "failed to 'identify any specific proof, or even categories of proof' located in [the proposed transferee district]" (quoting *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 2009 WL 2634860, at *4 (N.D. Tex. Aug. 26, 2009) (Fitzwater, C.J.))), *appeal docketed*, No. 12-11085 (5th Cir. Oct. 29, 2012).

By contrast, AllChem does not aver that any proof whatsoever is located in the Northern District of Texas. *See Kimberly-Clark*, 2009 WL 2634860, at *4 (finding this factor favored transfer where, *inter alia*, plaintiff failed to identify specific sources of proof in district). AllChem instead argues that, if the court transfers the case based on the location of defendants' operations, then in any suit where records are important, plaintiffs could file suit only where the defendants maintain their records and offices. The court disagrees because, in many cases, there is evidence in multiple locations. *See, e.g., Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (Fitzwater, C.J.) (concluding that factor was neutral because documents were located in both venues). Here, however, the *only* specified evidence is located at defendants' place of business in Temecula, and thus this factor favors transfer. *See, e.g., In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (applying Fifth Circuit law) ("Because all of the physical evidence, including the [allegedly trademark infringing] headrests and the documentary evidence, are far more conveniently located near the [proposed transferee] venue, the district court erred in not weighing this factor in favor of transfer.").

- 7 -

B

The second private interest factor examines the availability of compulsory process over witnesses. Defendants argue that they will need testimony from persons located in the Central District of California and whose appearance at trial defendants cannot guaranty. The court finds this factor to be neutral because, although these witnesses would not be subject to compulsory process, defendants do not identify specific witnesses for whom compulsory process is *necessary* but unavailable. From the present motion record, "there is currently nothing to suggest that [the identified] witnesses would be unwilling to testify." *Kimberly-Clark*, 2009 WL 2634860, at *5. Because there is no evidence that either side requires compulsory process to obtain testimony in either venue, this factor is neutral.

C

The third factor is the cost of attendance for willing witnesses. This factor "primarily concerns the convenience of nonparty witnesses." *USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc.*, 2011 WL 1103372, at *4 (N.D. Tex. Mar. 25, 2011) (Fitzwater, C.J.) (declining to consider parties' employees under third factor). A party seeking a transfer must "identify the 'key witnesses and the general content of their testimony.'" *Sargent v. Sun Trust Bank, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (quoting *Bank One*, 211 F.Supp.2d at 812). "The party seeking the transfer must specify clearly . . . the key witnesses to be called and their location and must make a general statement of what their testimony will cover." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851, at 221-22 (3d ed. 2007); *see*

*Magana v. Toyota Motor Corp.*, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (Boyle, J.) (finding that defendant failed to show good cause for transfer based on this factor because it did not provide name, address, or proposed testimony of any witness who could more conveniently testify in the proposed transferee district). Although not determinative, this is the most significant factor in deciding a motion to transfer. *See Sw. Airlines Co. Profit Sharing 401(k) Comm. v. UBS Global Asset Mgmt. (Ams.), Inc.*, 2007 WL 268808, at *3 (N.D. Tex. Jan. 29, 2007) (Fitzwater, J.).

Defendants identify one non-party witness by name: Peter Wu ("Wu").[3] They suggest the contents of his anticipated testimony by averring that he is a chemist at an independent laboratory and that he tested Oreq's trichlor products. Defendants do not state his address, or, more generally, where he resides; instead, they identify only the lab where he works, which is located in Orange County, California. Although including Wu's city of residence would have been beneficial to the court because it would elucidate how convenient each forum is for him, the court cannot entirely discount Wu's possible inconvenience. This court has before required non-party witnesses' addresses where the proposed transfer was from Dallas to Plano (a suburb of Dallas that is in the Eastern District of Texas) because the court could not determine whether the proposed witnesses actually resided in the Eastern District, or simply worked there. *See Magana*, 2010 WL 5108850, at *3. But where, as here, the districts are over 1,000 miles apart, establishing that the non-party witness is employed in the

---

[3]Defendants identify Wu as a witness under the compulsory process factor, but the court considers this argument relevant to the cost of attendance factor.

transferee district is sufficient to satisfy the requirement of demonstrating the witness' location, because it can be reasonably inferred that the transferee district is more convenient.

Defendants also maintain that they desire to obtain testimony from the sales and technical staff at the United States offices of Shikoku International, which has been and continues to be the primary supplier of trichlor to Oreq and PPI. These witnesses are not identified by name but are identified only by position. Without additional information, the court cannot determine whether these persons will have relevant information, where they live, or whether they would be inconvenienced if the case were litigated in this district. The same applies to defendants' general statement that "critical non-party witnesses . . . are located in the Central District of California." Ds. Br. 16. *See Sivertson*, 2011 WL 4100958, at *6 ("It is insufficient to make the conclusory assertion that 'all of the key witnesses . . . are located in [proposed transferee district].'" (quoting the defendant's brief)).

Finally, defendants argue that transfer would convenience their employees who live and work either in Riverside or Orange County. The court considers but assigns little weight to the convenience of these party witnesses because this factor "primarily concerns the convenience of nonparty witnesses." *USPG Portfolio Two*, 2011 WL 1103372, at *4.

The court concludes that this factor is neutral. Defendants have adequately identified only one witness, Wu, for whom transfer will be more convenient. Beyond that, their attempts to identify who will be witnesses are too general, and their assertion of inconvenience to party witnesses is largely irrelevant. Although Wu will be greatly

convenienced if the case is litigated in the Central District of California,[4] the court concludes that the convenience of one witness is alone insufficient in the context of this case to conclude that this factor weighs in favor of transfer.

## D

The fourth private interest factor considers the practical problems that make trial easy, expeditious, and inexpensive.  To the limited extent defendants address this factor, they merely repeat arguments more properly and already considered above as part of another private interest factor.  The court therefore finds this factor to be neutral.

## V

The court next considers the public interest factors.

## A

The first public interest factor evaluates the comparative administrative difficulties due to court congestion in the potential venues.  The court finds this factor to be neutral. Defendants argue that this factor favors transfer because, according to the Federal Judicial

---

[4]Because there is a great distance between the Northern District of Texas and the Central District of California, Wu's inconvenience supports transferring the case.  *See Volkswagen II*, 545 F.3d at 317 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."); *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (finding cost of attendance factor weighed in favor of transfer where six identified witnesses would have to travel approximately 700 miles more if case not transferred).

caseload statistics,[5] the median number of months from filing to disposition is 5.6 in the Central District of California and 6.6 in the Northern District of Texas. The corresponding numbers for months from filing to trial for civil cases are 19.7 and 20.2. D. App. 22-23. These slight differences are insufficient to support transferring the case. *See USPG Portfolio*, 2011 WL 1103372, at *5 (finding this factor to be neutral where difference in time to disposition was 3.9 months). This factor is therefore neutral.

B

The second public interest factor evaluates the local interest in the dispute. Defendants contend that Texas has very little interest in this litigation because the subject matter has no connection to Texas. They maintain that, despite AllChem's argument that it is a Texas corporation that was injured inside and outside of Texas by defendants' actions, AllChem has not properly alleged that it suffered actual damages, let alone that it suffered actual damages in the Northern District of Texas. Defendants point out, when addressing the private interest factors,[6] that the Central District of California has a local interest in this suit because PPI and Oreq are both California corporations with offices, warehouses, and manufacturing facilities located only in southern California.

The court holds that this factor favors transferring the case. In *Kimberly-Clark* this

---

[5]*USPG Portfolio Two*, 2011 WL 1103372, at *5 ("In determining whether one court's docket is more congested than another's, courts commonly consider the Federal Judicial caseload statistics.")

[6]Although defendants raise these facts when addressing the private interest factors, the court deems them relevant to the second public interest factor.

court held that the transferee district had a substantial local interest because all of the accused

products were manufactured in that district, each defendant had facilities in that district, and

each facility employed many people. *Kimberly-Clark*, 2009 WL 2634860, at *8. The record

here does not indicate the number of people whom defendants employ, but it does reflect that

all of defendants' offices, warehouses, and manufacturing facilities used to produce the

trichlor products in question are located in the Central District of California. Moreover, it

is well established that "[t]his factor generally favors the venue where the acts giving rise to

the lawsuit occurred." *See Metromedia Steakhouses*, 2008 WL 794533, at *3. In the present

case, the acts giving rise to suit occurred predominately in California, where the trichlor

products were manufactured and allegedly mislabeled. Any equitable relief this court grants

would therefore alter Oreq's and PPI's operations in California; it would not alter AllChem's

business. In short, because this suit affects the local manufacture and production of products

stored in local facilities, the court concludes that the residents of the Central District of

California have a significant interest in its resolution.

By contrast, there is little evidence that the Northern District of Texas has an interest

in this case. AllChem is a Texas corporation that alleges its principal place of business is in

Texas and therefore that Texas has an interest in protecting it from alleged unfair competition

through mislabeling. But unlike defendants, because the extent of AllChem's presence in

Texas is unclear, the Northern District's interest in this case is similarly unclear. More

important, AllChem does not adequately allege that it suffered actual damage from

defendants' alleged actions. AllChem's first amended complaint merely avers that it is

- 13 -

entitled to an injunction and to statutory damages calculated in part based on defendants'
profits.  The only allegation of injury comes from AllChem's response brief, which fails to
identify how AllChem was actually injured or the connection of the alleged injury to the
Northern District of Texas.  Moreover, AllChem fails to name one local employee who has
an interest in this case, whereas defendants aver that their officers are located in southern
California.  And the fact that Oreq shipped minimal quantities of the allegedly mislabeled
trichlor products to stores in this district and in Texas more broadly holds little weight
because it does not create a sufficient connection to this venue in particular.  *See TS Tech*,
551 F.3d at 1321 (concluding that sales in venue did not weigh against transfer because
products were sold throughout United States and therefore citizens of one venue had "no
more or less of a meaningful connection to [the case] than any other venue.") (citing
*Volkswagen II*, 545 F.3d at 318).

Accordingly, although it is logical to conclude that the outcome of this litigation will
have some effect in this district by impacting AllChem financially, it appears that the Central
District of California has significantly more interest in this dispute than does the Northern
District of Texas.

## C

No party argues that the third and fourth public factors—familiarity of the forum with
the law that will govern the case and avoidance of unnecessary problems of conflict of
laws—affect the analysis.  Accordingly, the court need not address these factors in detail, and
it concludes that they are neutral.

VI

Considering all the relevant factors holistically, the court holds that the Central District of California is clearly more convenient when compared to the Northern District of Texas. Apart from the factors that are neutral, the relative ease of access to sources of proof supports transferring this case, because the only specified evidence is located at defendants' place of business in Temecula. And the Central District of California has a substantial local interest in litigating the case because the entirety of defendants' businesses—including manufacturing, warehousing, distribution, and offices—are located in Temecula, California. Texas' slight interest arises only because AllChem is a Texas corporation that is allegedly located here, and Oreq has shipped minimal quantities of the allegedly mislabeled trichlor products to stores in this district and in Texas. This constellation of factors warrants transferring a case under § 1404(a). *See Carolei v. Tex. Mesquite Connection*, 2012 WL 3599460, at \*2 (N.D. Tex. Aug. 6, 2012) (Ramirez, J.) (transferring case where all proof was located in transferee district and transferor district had no local interest, where all other factors were neutral), *rec. adopted*, 2012 WL 3613971 (N.D. Tex. Aug. 22, 2012) (Lindsay, J.). *See also Kimberly-Clark*, 2009 WL 2634860, \*4-10 (same, except discussing potential witness and party convenience in conclusion after explicitly stating factor was neutral). The court therefore concludes that, although only two factors favor transfer, these factors considered as a whole demonstrate that the Central District of California is clearly more convenient when compared to the Northern District of Texas.

- 15 -

*   *   *

For the reasons explained, defendants' motion to transfer is granted.  This action is transferred to the Central District of California, Eastern Division.  The clerk of court is directed to effect the transfer according to the usual procedure.

**SO ORDERED.**

January 17, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE